Daniel R. Shaw (SB No. 281387)
daniel@shawfirm.com
Colleen A. Snyder (SB No. 274064)
colleen@shawfirm.com
Shaw Firm
3196 S. Higuera St. Suite E
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.M., a minor, by and through his guardian ad litem, Dawn Erwin,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. 2:22-CV-01035-TLN-KJN<br><br>**ORDER APPOINTING GUARDIAN AD LITEM** |

On May 31, 2022, Dawn Erwin, parent and proposed guardian ad litem of I.M., a minor, filed an action against the Defendant Elk Grove Unified School District ("the District"), alleging violations of Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act. Also on May 31, 2022, Plaintiff I.M. filed a Petition to appoint his mother, Dawn Erwin, as guardian ad litem.

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist.*, 2:13-cv-01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013)

-1-

(citation omitted).  Rule 17(c) governs the appearance of minors and incompetent persons in federal court.  Rule 17(c)(1) prescribes: "The following representative may sue or defend of behalf of a minor or incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary."  Rule 17(c)(2) states that, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

A court has broad discretion in ruling on a *guardian ad litem* application.  *Basque v. Cty. of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017).  In general, a parent is presumed to act in his or her child's best interest.  See *Parham v. J.R.*, 442 U.S. 584, 604 (U.S. 1979) (noting general presumption that parents are presumed to act in the child's best interest).

Upon review, the Court finds Plaintiff I.M.'s Petition to appoint Dawn Erwin as his guardian ad litem should be granted.  Ms. Erwin, as I.M.'s mother, and sole custodial parent, is presumed to act in his best interest.

Accordingly, IT IS ORDERED that:

1. Plaintiff I.M.'s "Petition for Guardian ad Litem" is GRANTED; and
2. Dawn Erwin is hereby appointed as I.M.'s guardian ad litem.

Dated: June 15, 2022

Troy L. Nunley
United States District Judge